BENNO B. WEBSTER & HILDEGARDE WEBSTER, A PARTNERSHIP D/B/A B. B. WEBSTER & CO. *v.* UNITED STATES

No. 7751.— 
Entry No. M 578, etc.

(Decided October 27, 1949)

Plaintiff not represented by counsel.

*David N. Edelstein,* Assistant Attorney General (*Charles J. Miville,* special attorney), for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation:

IT IS STIPULATED AND AGREED subject to the approval of the Court, that at the time of exportation of the merchandise involved herein, such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, at invoiced unit values in Argentine Pesos for "certain industrial products" in each case, plus the percentages as appraised in each case and plus the packing charges as appraised in each case.

IT IS FURTHER STIPULATED AND AGREED that there was no higher foreign value for the merchandise herein at the time of exportation.

IT IS FURTHER STIPULATED AND AGREED that this case may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were the invoiced unit values in Argentine pesos for "certain industrial products" in each case, plus the percentages as appraised in each case and plus the packing charges as appraised in each case.

Judgment will be rendered accordingly.